UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

TERRY DARCEL BROOKS,

                         Petitioner,                        Case No. 2:20-cv-93

v.                                                          Honorable Robert J. Jonker

CONNIE HORTON et al.,

                         Respondents.

_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner purportedly under 28

U.S.C. § 2241.[1]  Promptly after the filing of a petition for habeas corpus, the Court must undertake

a preliminary review of the petition to determine whether "it plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

court."  Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.  If so, the petition must be

summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court

has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4

includes those petitions which raise legally frivolous claims, as well as those containing factual

allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37

---

[1] Although Petitioner purports to bring his action under 28 U.S.C. § 2241, habeas corpus actions brought by "a person in custody pursuant to the judgment of a State court" are governed by 28 U.S.C. § 2254. *Id.* Section 2254 "'allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences[.]'" *Bailey v. Wainwright*, 951 F.3d 343, 348 (6th Cir. 2020) (Stranch, J., dissenting) (quoting *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)); *see also Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006).  As a consequence, Petitioner's filing is subject to all of the requirements that apply to a petition filed under § 2254.  Moreover, § 2241 petitions by state prisoners are subject to the rules governing § 2254 petitions.  *See* Rule 1(b), Rules Governing § 2254 Cases.

(6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

### I.    Factual allegations

Petitioner Terry Darcel Brooks is incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Chippewa County, Michigan. Petitioner is serving sentences—some concurrent, some consecutive—imposed in two criminal proceedings.[2] On July 12, 2006, the Wayne County Circuit Court imposed concurrent sentences of 16 to 30 years after the jury found Petitioner guilty of two counts of armed robbery and one count of assault and 1 to 5 years after the jury found Petitioner guilty of conspiracy. On June 28, 1993, the Oakland County Circuit Court imposed a sentence of 10 to 30 years after a jury found Petitioner guilty of attempting to obtain money under false pretenses.

On May 17, 2020, Petitioner filed his habeas corpus petition with the United States District Court for the Eastern District of Michigan. In an order entered June 25, 2020, Petitioner's case was transferred to the Western District of Michigan (ECF No. 3). The petition (ECF No. 1) and Petitioner's request for injunctive relief (ECF No. 2) allege that the risk of infection arising from the COVID-19 pandemic[3] renders Petitioner's continued imprisonment a violation of due

---

[2] The Michigan Department of Corrections (MDOC) Offender Tracking Information System indicates suggests that Petitioner continues to serve sentences imposed in two other criminal proceedings; however, Petitioner has served the maximum sentence imposed in those cases. See https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber= 153447 (visited July 21, 2020). Although the MDOC has not discharged Petitioner from those sentences, they have expired.

[3] In *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), the Sixth Circuit described the COVID-19 problem as follows:

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson*, 961 F.3d at 833.

process under the Fifth and Fourteenth Amendments and cruel and unusual punishment in violation

of the Eighth Amendment.  Petitioner seeks immediate release from custody.

## II.      Availability of § 2254 relief for unconstitutional conditions of confinement

Petitioner's request for relief is not a typical habeas petition.  The Supreme Court

has made clear that constitutional challenges to the fact or duration of confinement are the proper

subject of a habeas corpus petition rather than a complaint under 42 U.S.C. § 1983.  *Preiser v.*

*Rodriguez*, 411 U.S. 475, 499 (1973).  Constitutional challenges to the conditions of confinement,

on the other hand, are proper subjects for relief under 42 U.S.C. § 1983.  *Id.*  The *Preiser* Court,

however, did not foreclose the possibility that habeas relief might be available even for conditions

of confinement claims:

> This is not to say that habeas corpus may not also be available to challenge such
> prison conditions.  *See Johnson v. Avery*, 393 U.S. 483, (1969); *Wilwording v.*
> *Swenson, supra*, at 251 of 404 U.S. . . . When a prisoner is put under additional and
> unconstitutional restraints during his lawful custody, it is arguable that habeas
> corpus will lie to remove the restraints making the custody illegal.  *See* Note,
> Developments in the Law—Habeas Corpus, 83 Harv. L. Rev. 1038, 1084 (1970).[]

*Preiser*, 411 U.S. at 499 (footnote omitted).

But, the Court has also never upheld a "conditions of confinement" habeas claim.

Indeed, in *Muhammad v. Close*, 540 U.S. 749 (2004), the Court acknowledged that it had "never

followed the speculation in *Preiser* . . . that such a prisoner subject to 'additional and

unconstitutional restraints' might have a habeas claim independent of § 1983 . . . ." *Id.* at 751 n.1.

The Sixth Circuit has concluded that claims regarding conditions of confinement

are properly brought under § 1983 and are not cognizable on habeas review.  *See Martin v.*

*Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("'Petitioner in this case appears to be asserting the

violation of a right secured by the federal Constitution or laws by state prison officials.  Such a

claim is properly brought pursuant to 42 U.S.C. § 1983.'"); *In re Owens*, 525 F. App'x 287, 290

3

(6th Cir. 2013) ("The criteria to which Owens refers involves the conditions of his confinement . . . . This is not the proper execution of sentence claim that may be pursued in a § 2254 petition."); *Hodges v. Bell*, 170 F. App'x 389, 392-93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement . . . are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983."). Petitioner's claims regarding the constitutionality of his custody in the prison because of risks posed by COVID-19 are principally claims regarding the conditions of his confinement. Such claims should be raised by a complaint for violation of 42 U.S.C. § 1983.

However, the relief Petitioner seeks—release from custody—is available only upon habeas corpus review. "The Supreme Court has held that release from confinement—the remedy petitioner[] seek[s] here—is 'the heart of habeas corpus.'" *Wilson*, 961 F.3d at 868 (quoting *Preiser*, 411 U.S. at 498).[4] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser*, 411 U.S. at 484 (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Undoubtedly, for that reason, Petitioner has sought habeas relief.

Petitioner's decision to pursue habeas relief, however, circumscribes the relief available. *Wilson*, 961 F.3d at 837. Even if there might be conditions of confinement, short of release, that would mitigate the risk—and eliminate the cruel or unusual character of the

---

[4] The *Wilson* petitioners were federal prison inmates who brought habeas claims under 28 U.S.C. § 2241 similar to those claims brought by Petitioner.

punishment—it is not within this Court's habeas jurisdiction to grant such relief.  *Id*.  A claim

seeking relief other than release is properly brought under 42 U.S.C. § 1983.

## III.     Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must

exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*,

526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so

that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing

upon a petitioner's constitutional claim.  *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270,

275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6

(1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

claims to all levels of the state appellate system, including the state's highest court.  *O'Sullivan*,

526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d

480, 483 (6th Cir. 1990).  The district court can and must raise the exhaustion issue *sua sponte*

when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather*

*v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155,

160 (6th Cir. 1994).  Petitioner has neither alleged that he exhausted his claims in the state courts

nor has he provided any documentation indicating that he has pursued any such state remedies.[5]

Petitioner instead implicitly asks the Court to relieve him of the exhaustion requirement under

§ 2254(b)(1)(B)(ii).

---

[5] Indeed, given the recency of the events giving rise to Petitioner's claim, it would appear to be impossible for
Petitioner to have exhausted state court remedies before filing the petition.

Subsection (b) of § 2254 precludes the Court from granting habeas relief unless Petitioner has exhausted his claims in state court.  A petitioner's failure to exhaust may be excused if "there is an absence of State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).  Petitioner does not claim that there is an absence of state corrective process.  Instead, by claiming he is in imminent danger and by seeking emergency preliminary injunctive relief, Petitioner presumably intends to invoke the latter exception: that circumstances have made the state's corrective process ineffective. But, he has failed to allege how the present circumstances have rendered state court remedies ineffective.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  In the Wayne County case, Petitioner has filed the single motion for relief from judgment typically allowed under Mich. Ct. R. 6.500 *et seq.. See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=326879 &CourtType_CaseNumber=2 (visited July 21, 2020).  It does not appear that Petitioner filed his one motion in the Oakland County case.  *See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=2&PartyName=brooks+terry&CourtType_PartyName=3&PageIndex=0&PartyOpenOnly=0  (visited July 21, 2020).  Nonetheless, even if he had, the state rules permit a successive motion if it is "based on . . . a claim of new evidence that was not discovered before the first such motion." Mich. Ct. R. 6.502(G)(2).  The evidence regarding COVID-19 could not have been discovered until recently.

Moreover, relief may be available to Petitioner by way of a habeas corpus petition in state court in that he seeks a determination "whether his continued custody is legal." *Phillips v. Warden, State Prison of S. Mich.*, 396 N.W.2d 482, 486 (Mich. Ct. App. 1986). Alternatively, Petitioner may seek relief, even release, by civil action in state court for unconstitutional conditions of confinement. *See Kent Cnty. Prosecutor v. Kent Cnty. Sheriff*, 409 N.W.2d 202, 208 (Mich. 1987) ("No one now doubts the authority of courts to order the release of prisoners confined under conditions violating their Eighth and Fourteenth Amendment rights."). Therefore, the Court concludes that he has at least one available state remedy.

To properly exhaust his claim, Petitioner must present his claim to each level of the state court system. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Because Petitioner has failed to exhaust his claims, his petition is properly dismissed without prejudice. The habeas statute imposes a one-year statute of limitations on habeas claims. *See* 28 U.S.C. § 2244(d)(1). Petitioner's period of limitation commenced running when "the factual predicate of his claim . . . could have been discovered through the exercise of reasonable diligence." 28 U.S.C. §2244(d)(1)(D). Certainly, Petitioner could not have discovered his claim before March of this year.

The limitations period is not tolled during the pendency of a federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the period is tolled while an application for state post-conviction or collateral review of a claim is pending. 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-

7

conviction or other collateral relief until a decision is issued by the state supreme court.  *Lawrence v. Florida*, 549 U.S. 327 (2007).

In *Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002), the Sixth Circuit considered what action the court should take if the dismissal of a petition for failure to exhaust could jeopardize the timeliness of a subsequent petition.[6]  The *Palmer* court concluded that if the petitioner had more than 60 days remaining in the period of limitation—30 days to raise his unexhausted claims and 30 days after exhaustion to return to the court—no additional protection, such as a stay, was warranted.  *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner has far more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations.  Therefore, a stay of these proceedings is not warranted, and the Court will dismiss the petition for failure to exhaust available state-court remedies.

## IV.    Requests for Preliminary Injunctive Relief

Petitioner asks the Court to order preliminary injunctive relief immediately releasing Petitioner from custody.  (Mot., ECF No. 2.)  Because the petition is properly dismissed, the Court will deny Petitioner's request for preliminary injunctive relief as moot.

## V.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a

---

[6]The *Palmer* court considered the issue in the context of a "mixed" petition including exhausted and unexhausted claims.  The *Palmer* court's explanation of when dismissal of a petition does not jeopardize the timeliness of a subsequent petition, however, is persuasive even where the petition includes only unexhausted claims.

"substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion.  Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion.  Therefore, a certificate of appealability will be denied.  Moreover, for the same reasons the Court will deny a certificate of appealability, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

<u>Conclusion</u>

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies, denying Petitioner's request for preliminary injunctive relief, and denying a certificate of appealability.

Dated:   __July 22, 2020__                    /s/ Robert J. Jonker_____
                                              ROBERT J. JONKER
                                              CHIEF UNITED STATES DISTRICT JUDGE